IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Briefs March 29, 2011

**KIRKLAND STURGIS**
**v.**
**DONNA SMITH THOMPSON**

**Appeal from the Circuit Court of Crockett County**
**No. 3209     Clayburn L. Peeples, Judge**

**No. W2010-02024-COA-R3-CV - Filed June 13, 2011**

This is an appeal from the circuit court's dismissal of an appeal from the general sessions court. The appellee purchased property during a foreclosure sale. The appellee purchaser filed an action in general sessions court to gain possession of the property from the defendant/appellant and recover rent. After an adverse judgment in the general sessions court, the defendant/appellant appealed to the circuit court. The circuit court found that the defendant/appellant failed to perfect her appeal because she did not file a cost bond or make bond for one year's rent and costs. Consequently, the circuit court dismissed the appeal from general sessions court. The defendant/appellant appeals to this Court. We affirm based on failure to file a cost bond.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Plaintiff/Appellee Kirkland Sturgis, Alamo, Tennessee, *pro se*.[1]

Defendant/Appellant Donna Smith Thompson, Alamo Tennessee, *pro se*.

---

[1]The appellee was represented by counsel in the circuit court.

# OPINION

## FACTS AND PROCEEDINGS BELOW

On December 2, 2009, Plaintiff/Appellee Kirkland W. Sturgis ("Sturgis") filed a civil complaint in the General Sessions Court for Crockett County, Tennessee, seeking possession of property located in Alamo, Crockett County, Tennessee. Sturgis asserted that he purchased the property through foreclosure sale in November 2009. In addition to possession of the property, Sturgis' General Sessions complaint sought rent from November 2009 forward from the person in possession, Defendant/Appellant Donna Smith Thompson ("Thompson").[2] Thompson filed a response seeking dismissal of the complaint, alleging that the notice of the foreclosure sale was inadequate.

After a hearing, on August 9, 2010, the General Sessions Court entered a judgment in favor of Sturgis. In its order, the General Sessions Court referenced the statutes governing judicial or trust sales, Tennessee Code Annotated § 35-5-101, *et seq*. It acknowledged the specific notice requirements in Sections 35-5-101 through 105, but found that Sturgis was a good faith purchaser at a properly noticed foreclosure sale, such that the transfer of the property to Sturgis was neither void nor voidable. Sturgis was awarded possession of the property and a judgment against Thompson for rent during the time of Thompson's possession in the amount of $2800. The General Sessions Court order notified Thompson of her right to appeal the judgment of the General Sessions Court to the Circuit Court by filing a notice of appeal within ten days of entry of the judgment.

Subsequently, Thompson filed a uniform civil affidavit of indigency with the Circuit Court of Crockett County. On August 17, 2010, the Circuit Court Judge signed the bottom of the affidavit, adjudging Thompson to be non-indigent. Despite being adjudged non-indigent, on August 19, 2010, Thompson filed a pauper's oath in lieu of appeal bond in the Circuit Court.

Also on August 14, 2010, Thompson filed a pleading in the Circuit Court seeking to appeal the judgment of the General Sessions Court. In response, Sturgis filed a motion in the Circuit Court seeking dismissal of Thompson's appeal from General Sessions because Thompson had not perfected her appeal. In order to do so, Sturgis argued in his motion, Thompson was required to file a cost bond under T.C.A. § 27-5-103 and make a bond for one year's rent and costs under T.C.A. § 29-18-130(b)(2). Sturgis asserted that Thompson had done neither. As

---

[2]The record is not clear on Thompson's status, but it appears that she may have been the owner of the property at the time of the foreclosure sale, because her pleadings claim that she had been paying property taxes on the property at issue.

Thompson had not perfected her appeal, Sturgis maintained, the Circuit Court did not have subject matter jurisdiction over the cause, so Thompson's appeal should be dismissed.

Thompson opposed Sturgis' motion to dismiss and filed a "Counter Motion to Dismiss." Thompson again maintained that she had paid taxes on the property at issue. Thompson sought $30,000 in damages because Sturgis had caused her to "miss work."

The Circuit Court held a hearing on September 10, 2010. On the same day, it entered an order granting Sturgis' motion to dismiss. The Circuit Court found that Thompson had "failed to perfect her appeal and that the motion to dismiss should be granted for lack of subject matter jurisdiction." Thompson now appeals to this Court.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Thompson argues the merits of the ruling of the General Sessions Court, and also seeks to appeal the Circuit Court's dismissal of her appeal. Likewise, in response, Sturgis argues that the General Sessions Court's judgment was correct, and that the Circuit Court's dismissal of Thompson's appeal should be affirmed.

We note that this appeal is from the order of the Circuit Court, specifically, from its dismissal of Thompson's appeal from the General Sessions Court. Regardless of this Court's decision in this appeal, we cannot review the order of the General Sessions Court. If the Circuit Court erred, then the cause would be remanded to the Circuit Court for consideration of Thompson's appeal from General Sessions Court; if the Circuit Court did not err, then the order of the General Sessions Court stands. Either way, it is clear that the sole issue on appeal for this Court is whether the Circuit Court properly dismissed Thompson's appeal. This is a question of law, and we review the Circuit Court's decision *de novo*, affording it no presumption of correctness. ***Northland Ins. Co. v. State of Tenn.***, 33 S.W.3d 727, 729 (Tenn. 2000).

## ANALYSIS

Appeals from Tennessee's general sessions courts are governed by Tennessee Code Annotated §§ 27-5-101 (2000) *et seq.* Section 27-5-108 states that any party may appeal from a decision[3] of the general sessions court to the circuit court. T.C.A. § 27-5-108(a)(1). The appeal must be perfected within ten days of the entry of the general sessions court

---

[3]In 2008, subsection (a)(1) of Section 27-5-108 was amended to state that an appeal could be taken from any decision of the General Sessions Court, not just an "adverse" decision.

judgment. T.C.A. § 27-5-108(a)(1) and (6) (2000). The appeal is heard *de novo* in the circuit court. T.C.A. §27-5-108(c) (2000).

Section 27-5-103 sets forth the bond requirement for an appeal from general sessions court; it states that "before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons." T.C.A. § 27-5-103(a) (2000). This is necessary in order to "perfect" the appeal:

> [T]he timely filing of a notice of appeal is not the only prerequisite for perfecting a de novo appeal to circuit court from the general sessions court. Persons desiring a de novo appeal must also file a cost bond or an affidavit of indigency. Tenn. Code Ann. § 20-12-127 (1994); Tenn. Code Ann. § 27-5-103 (2000); 1 Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 3.11 at 261-62 & n.8 (2007). A de novo appeal to circuit court is perfected only after both the notice of appeal and the appeal bond or affidavit of indigency has been filed. ***Clay v. Barrington Motor Sales, Inc.***, 832 S.W.2d 33, 34 (Tenn. Ct. App. 1992); *cf.* ***City of Tullahoma v. Woods***, No. 01A01-9106-CV-00201, 1991 WL 181853, at *1-2 (Tenn. Ct. App. Sept. 18, 1991).

***Discover Bank v. McCullough***, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *6 (Tenn. Ct. App. Jan. 29, 2008). "The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it." ***City of Red Boiling Springs v. Whitley***, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989) (citing ***Chapman v. Howard***, 71 Tenn. 363 (1879)).

The failure of an appellant from general sessions court to comply with the statutory security requirement means that the circuit court never acquires subject matter jurisdiction over the appeal: "The only way that a circuit court may acquire subject matter jurisdiction over a case litigated in a general sessions court is through the timely perfection of a *de novo* appeal." ***Discover Bank***, 2008 WL 245976 at *8.

In the case at bar, Sturgis filed a motion to dismiss for failure to file a cost bond under T.C.A. § 27-5-103.[4] The Circuit Court dismissed Thompson's appeal, finding that it did not have subject matter jurisdiction because Thompson did not perfect her appeal.

We note that, after filing her notice of appeal from the General Sessions Court judgment, Thompson executed a Uniform Civil Affidavit of Indigency, pursuant to Rule 29 of the Tennessee Supreme Court Rules. TENN. SUP. CT. R. 29. As set forth in Rule 29, the form executed by Thompson included at the bottom both an "Order Allowing Filing on Pauper's Oath" and a "Determination of Nonindigency," for the Circuit Court Judge to review Thompson's affidavit and determine whether she should be deemed indigent. The Circuit Court Judge signed the portion at the bottom of the affidavit indicating that he found Thompson not indigent: "A signature under the heading 'DETERMINATION OF NONINDIGENCY' allows the judge to signify that the plaintiff is not an indigent person, and thus does not qualify to file the case on a pauper's oath." *Sweatt v. Tenn. Dept. of Corr.*, 99 S.W.3d 112, 114 (Tenn. Ct. App. 2002) (*perm. app. den.* 2003). Undeterred, Thompson filed a Pauper's Oath in Lieu of Appeal Bond, pursuant to T.C.A. § 20-12-127 (2009). The Pauper's Oath Thompson filed included a handwritten note acknowledging that she was "not granted" the right to proceed on a pauper's oath.[5]

---

[4]In the motion to dismiss, Sturgis also referenced the bond for one year's rent under T.C.A. § 29-18-130(b)(2). T.C.A. §29-18-130(b)(2) provides in pertinent part as follows:

> In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay rent, and a judgment has been entered against the tenant . . . the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security on the amount of one (1) year's rent of the premises. . . .

T.C.A. §29-18-103(b)(2) (2000). This statute is applicable to an unlawful detainer action filed by a landlord against a tenant for possession and failure to pay rent. *See Swanson Dev., L.P. v. Trapp*, No. M2006-02310-COA-R3-CV, 2008 WL 555705, at *3 (Tenn. Ct. App. Feb. 29, 2008); *Johnson v. Hayden*, 1993 WL 155681 (Tenn. Ct. App. 1993). The record in this case is unclear as to whether Thompson is a tenant or the former owner of the property. Even assuming she is a tenant, this statute applies to a tenant who seeks to retain possession of the property during the appeal. *Swanson*, 2008 WL 55705, at *3 (quoting *Johnson*, 1993 WL 15681, at *1). The Circuit Court below did not specify whether its dismissal was based on Section 27-5-103, Section 29-18-130(b)(2), or both. As we do not address Thompson's right to retain possession of the property during the appeal, we do not address Section 29-18-130.

[5]Rule 29 of the Tennessee Supreme Court Rules provides that if a judge determines that a litigant is not eligible to proceed under a pauper's oath, the litigant has "the right to a hearing before the judge. . . ." TENN. SUP. CT. R. 29. The record does not indicate that Thompson requested such a hearing. Therefore, whether

(continued...)

Under these circumstances, Thompson was not relieved of the statutory requirement of an appeal bond under T.C.A. § 27-5-103 (2000). It is undisputed that she did not file the required bond. Therefore, the Circuit Court did not err in dismissing the case for lack of subject matter jurisdiction. ***Discover Bank***, 2008 WL 245976, at *8.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal shall be taxed to Appellant Donna Smith Thompson and her surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[5](...continued)
the Circuit Court Judge correctly determined Thompson nonindigent is not an issue on appeal.