# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
October 23, 2012 Session

## STEPHEN MEACHAM,
### PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT E. MEACHAM
### v.
## WILLIAM EARL STARNES, SR.

**An Appeal from the Circuit Court for Shelby County**
**No. 001125-10     Robert L. Childers, Judge**

---

**No. W2012-00192-COA-R3-CV - Filed February 27, 2013**

---

This case involves the bond requirements for an appeal from General Sessions Court to Circuit Court. The plaintiff sued the defendant for damages in General Sessions Court, and a judgment was entered in favor of the defendant. The plaintiff sought a *de novo* appeal to Circuit Court. Within ten days of the General Sessions Court judgment, the plaintiff filed a notice of appeal and paid $211.50 to the General Sessions Court clerk, pursuant to T.C.A. § 8-21-401(b)(1)(C)(i). The plaintiff did not file any further bond at that time. The defendant filed a motion to dismiss, asserting that the Circuit Court lacked subject-matter jurisdiction over the case because the plaintiff had not complied with the appeal-bond requirement in T.C.A. § 27-5-103. The trial court granted the motion to dismiss on that basis. The plaintiff now appeals. We reverse in light of our recent decision in ***Bernatsky v. Designer Baths & Kitchens, LLC***, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is**
**Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Irwin I. Cantor, Memphis, Tennessee, for the Plaintiff/Appellant Stephen Meacham, personal representative of the Estate of Robert E. Meacham

Dawn Davis Carson, Russell B. Jordan, and Hal S. (Hank) Spragins, Jr., Memphis, Tennessee, for the Defendant/Appellee William Earl Starnes, Sr.

## OPINION

### FACTS AND PROCEEDINGS BELOW

The facts relevant to the issue in this appeal are undisputed. On October 27, 2008, the vehicle driven by Defendant/Appellee William Earl Starnes, Sr. ("Defendant Starnes"), struck Robert E. Meacham ("Mr. Meacham") while Mr. Meacham was mowing his lawn. Mr. Meacham suffered personal injuries as a result of the accident.

On October 26, 2009, Mr. Meacham filed a civil warrant in the General Sessions Court of Shelby County, Tennessee, against Defendant Starnes, seeking compensatory damages for his personal injuries. On February 10, 2010, without conducting a trial, the General Sessions Court entered a judgment for Defendant Starnes.

On February 19, 2010, Mr. Meacham filed a notice of appeal from the General Sessions Court judgment to Circuit Court for a trial *de novo* pursuant to Tennessee Code Annotated § 27-5-108.[1] In doing so, Mr. Meacham filed his notice of appeal and paid the General Sessions Court clerk's office $211.50, which included the $150 standard court cost for filing an appeal from General Sessions Court to Circuit Court pursuant to Tennessee Code Annotated § 8-21-401(b)(1)(C)(i).[2] He filed nothing further at that time. Discovery ensued.

On October 8, 2010, during the discovery phase of the lawsuit, Mr. Meacham died. On December 6, 2010, the Circuit Court entered a consent order substituting Stephen Meacham ("Plaintiff Meacham"), the personal representative of the estate of Mr. Meacham, as the Plaintiff in this lawsuit.

---

[1]"Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter [(Title 27 Chapter 5)]." Tenn. Code Ann. § 27-5-108(a)(1) (Supp. 2012). The appeal from General Sessions "is heard *de novo*" by the Circuit Court. *Id.* at § 27-5-108(c). If an appeal is not perfected within ten days, then execution on the General Sessions Court judgment may issue. *Id.* at § 27-5-108(d).

[2]This provision, under a section titled "Fees in civil cases in circuit and chancery court," states:

> (1)(C) In the following specific types of civil actions, the clerk shall charge a standard court cost of one hundred fifty dollars ($150) at the institution of a case:
>
> > (i) Appeals to the circuit . . . court from . . . general sessions court . . . .

Tenn. Code Ann. § 8-21-401(b)(1)(C)(i) (2005).

On September 12, 2011, Defendant Starnes filed a motion in the Circuit Court to dismiss the case for lack of subject-matter jurisdiction. In the motion, Defendant Starnes contended that Plaintiff Meacham did not satisfy the requirement to file an appeal bond within ten days of the General Sessions Court judgment pursuant to Tennessee Code Annotated § 27-5-103. That statute, which is central to this appeal, provides as follows:

> (a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.

> (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

Tenn. Code Ann. § 27-5-103 (2000). Because Plaintiff Meacham merely paid the court cost and did not file a surety bond to secure the "costs of the appeal," Defendant Starnes argued, the Circuit Court lacked jurisdiction over the appeal.

On October 28, 2011, the Circuit Court conducted a hearing on Defendant Starnes' motion to dismiss. Our record on appeal does not include a transcript of that hearing.

On November 8, 2011, before the Circuit Court entered an order on the motion to dismiss, Plaintiff Meacham filed a motion "To Be Allowed to Post Surety Bond For Costs." In that motion, Plaintiff Meacham averred that, when the notice of appeal was filed with the General Sessions Court clerk, "the Clerk of the General Sessions Court was not accepting bonds for costs; instead the clerk was collecting a cost deposit with the Notice of Appeal." He argued that the Circuit Court should allow him "to file a surety bond for costs to correct the clerical mistake of the General Sessions Court Clerk under Rule 60 of the Tennessee Rules of Civil Procedure." If the Circuit Court did not give him the opportunity to correct this error, Plaintiff Meacham asserted, it would amount to a denial of his constitutional right to due process.

On November 29, 2011, the trial court entered an order granting Defendant Starnes' motion to dismiss for lack of subject-matter jurisdiction. The order simply stated: "[T]he matter was not properly appealed from General Sessions Court. This Court does not have jurisdiction in this matter and the verdict of the General Sessions Court is reinstated." On December 9, 2011, the trial court entered an order denying Plaintiff Meacham's motion to be allowed to post a bond for costs. From these orders, Plaintiff Meacham now appeals.

**ISSUE ON APPEAL AND STANDARD OF REVIEW**

On appeal, Plaintiff Meacham argues that the Circuit Court erred in granting Defendant Starnes' motion to dismiss for lack of subject-matter jurisdiction based on Plaintiff Meacham's failure to file a surety bond pursuant to Section 27-5-103.

Subject-matter jurisdiction implicates a court's power to adjudicate a particular case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." *Earls*, 2011 WL 3481007, at *5 (citing *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)). When subject-matter jurisdiction is questioned, we must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it. *Id.* (citing *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

**ANALYSIS**

Under Section 27-5-103, quoted in full above, a party who seeks to appeal from General Sessions Court to Circuit Court must do two things: (1) file a notice of appeal, and (2) either "give bond with good security . . . for the costs of the appeal" or, alternatively, file an affidavit of indigency. *Sturgis v. Thompson*, No. W2010-02024-COA-R3-CV, 2011 WL 2416066, at *2-3 (Tenn. Ct. App. June 13, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011). These requirements are jurisdictional, and the Circuit Court does not acquire subject-matter jurisdiction over the appeal unless these prerequisites are satisfied. *Id.* at *3 (citing *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *8 (Tenn. Ct. App. Jan. 29, 2008)); *see also Carter v. Batts*, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011), *perm. app. denied* (Tenn. Apr. 11, 2012); *Brady v. Valentine*, No. 01-A-019707CV00308, 1998 WL 83746, at *2 (Tenn. Ct. App. Feb. 27, 1998). "The failure of an appellant from general sessions court to comply with the statutory security requirement means that the circuit court never acquires subject matter jurisdiction over the appeal . . . ." *Sturgis*, 2011 WL 2416066, at *3 (citing *Discover Bank*, 2008 WL 245976, at *8); *see Carter*, 373 S.W.3d at 551 (noting that an appeal is not perfected unless the security requirement is satisfied).

This Court recently addressed the issue of whether the payment of $211.50 to the General Sessions Court clerk satisfies the requirement in Section 27-5-103 to "give bond with good security . . . for the costs of the appeal" in *Bernatsky v. Designer Baths & Kitchens, LLC*,

No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013). In ***Bernatsky***, as in the instant case, the parties appealing from the General Sessions Court judgment filed a notice of appeal and paid $211.50 to the General Sessions Court clerk as the standard court cost of the appeal. The Circuit Court dismissed the case for lack of subject-matter jurisdiction based on the appellants' failure to file an appeal bond pursuant to Section 27-5-103(a). ***Bernatsky***, 2013 WL 593911, at *2. The appellants appealed to this Court.

On appeal, the ***Bernatsky*** Court reversed the conclusion of the Circuit Court and held that the $211.50 payment satisfied the statutory requirement to give bond for the costs of the appeal to Circuit Court, pursuant to Section 27-5-103(a). ***Id.*** at *19. The appellate court first found that Section 27-5-103 was ambiguous, because it was imprecise and could reasonably be interpreted in more than one way. ***Id.*** at *7. It then construed Section 27-5-103 and Section 8-21-401 together, considering the language and legislative history of both statutes, as well as relevant caselaw. After doing so, the ***Bernatsky*** Court held that giving a cash bond of $211.50, which included the $150 "standard court cost" for such appeals under Section 8-21-401(b)(1)(C)(i), satisfied the requirement in Section 27-5-103(a) to "give bond with good security . . . for the costs of the appeal."[3] ***Id.*** at *19. Based on this conclusion, the appellate court in ***Bernatsky*** reversed the Circuit Court's dismissal of the case and remanded for further proceedings. ***Id.***

The instant case is procedurally indistinguishable from ***Bernatsky***. Therefore, in light of the Court's decision in ***Bernatsky***, we reverse the Circuit Court's dismissal of the appeal from General Sessions Court and remand the case to the Circuit Court for further proceedings.

## CONCLUSION

The decision of the Circuit Court is reversed and the cause is remanded for further proceedings consistent with this opinion. Costs on appeal are to be taxed to Appellee William Earl Starnes, Sr., for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE

---

[3] In reaching this conclusion, the ***Bernatsky*** Court specifically overruled the prior decision in ***Jacob v. Partee***, No. W2012-00205-COA-R3-CV, 2012 WL 3249605 (Tenn. Ct. App. Aug. 10, 2012), *perm. app. denied* (Tenn. Dec. 12, 2012). ***Bernatsky***, 2013 WL 593911, at *19.