# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### December 13, 2012 Session

## JIMMY ANDREWS, JR.
### v.
## DEBORAH L. CLEMMER

**An Appeal from the Circuit Court for Shelby County**
**No. CT-003581-10     John R. McCarroll, Jr., Judge**

---

**No. W2012-00986-COA-R3-CV - Filed February 28, 2013**

---

This case involves the bond requirements for an appeal from General Sessions Court to Circuit Court. The plaintiff sued the defendant for damages in General Sessions Court, and a judgment was entered in favor of the defendant. The plaintiff sought a *de novo* appeal to Circuit Court. Within ten days of the General Sessions Court judgment, the plaintiff filed a notice of appeal and paid $211.50 to the General Sessions Court clerk, pursuant to T.C.A. § 8-21-401(b)(1)(C)(i). The plaintiff did not file any further bond at that time. The plaintiff's uninsured motorist insurance carrier filed a motion to dismiss, asserting that the Circuit Court lacked subject-matter jurisdiction over the case because the plaintiff had not complied with the appeal-bond requirement in T.C.A. § 27-5-103. The trial court granted the motion to dismiss on that basis. The plaintiff now appeals. We reverse the Circuit Court's dismissal of the appeal from General Sessions Court in light of our recent decision in ***Bernatsky v. Designer Baths & Kitchens, LLC***, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is**
**Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., joined. ALAN E. HIGHERS, P.J., W.S., has filed a separate dissenting opinion.

Lewis K. Garrison, Memphis, Tennessee, for the Plaintiff/Appellant Jimmy Andrews, Jr.

Kevin W. Washburn, Memphis, Tennessee, for the Defendant/Appellee Deborah L. Clemmer

Dawn Davis Carson, Russell B. Jordan, Hal S. (Hank) Spragins, Jr., for State Farm Mutual Automobile Insurance Company

# OPINION

## FACTS AND PROCEEDINGS BELOW

The facts relevant to the issue in this appeal are undisputed. On December 17, 2008, Plaintiff/Appellant Jimmy Andrews, Jr. ("Plaintiff Andrews"), and Defendant Deborah Clemmer ("Defendant Clemmer") were involved in an automobile accident. In the accident, Defendant Clemmer allegedly rear-ended Plaintiff Andrews' automobile while Plaintiff Andrews was stopped at a stop sign.

On August 21, 2009, Plaintiff Andrews filed a civil warrant in the General Sessions Court of Shelby County, Tennessee, against Defendant Clemmer seeking compensatory damages arising out of the accident. On November 10, 2009, an alias summons was issued to Plaintiff Andrews' uninsured motorist carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), notifying it of the lawsuit. *See* Tenn. Code Ann. § 56-7-1206(a) (2008). On July 7, 2010, without conducting a trial, the General Sessions Court entered a judgment for Defendant Clemmer.

On July 9, 2010, Plaintiff Andrews filed a notice of appeal from the General Sessions Court judgment to Circuit Court for a trial *de novo* pursuant to Tennessee Code Annotated § 27-5-108.[1] In doing so, Plaintiff Andrews paid the General Sessions Court clerk's office $211.50, which included the $150 standard court cost for filing an appeal from General Sessions Court to Circuit Court pursuant to Tennessee Code Annotated § 8-21-401(b)(1)(C)(i).[2] He filed nothing further at that time. Discovery ensued.

Over a year later, on September 12, 2011, State Farm filed a motion to dismiss the case for lack of subject-matter jurisdiction. In the motion, State Farm contended that Plaintiff

---

[1] "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter [(Title 27 Chapter 5)]." Tenn. Code Ann. § 27-5-108(a)(1) (Supp. 2012). The appeal from General Sessions "is heard *de novo*" by the Circuit Court. *Id.* at § 27-5-108(c). If an appeal is not perfected within ten days, then execution on the General Sessions Court judgment may issue. *Id.* at § 27-5-108(d).

[2] This provision, under a section titled "Fees in civil cases in circuit and chancery court," states:

> (1)(C) In the following specific types of civil actions, the clerk shall charge a standard court cost of one hundred fifty dollars ($150) at the institution of a case:
>
>> (i) Appeals to the circuit . . . court from . . . general sessions court . . . .

Tenn. Code Ann. § 8-21-401(b)(1)(C)(i) (2005).

Andrews did not satisfy the requirement to file an appeal bond within ten days of the General Sessions Court judgment, pursuant to Tennessee Code Annotated § 27-5-103.[3] That statute, which is central to this appeal, provides as follows:

> (a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.

> (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

Tenn. Code Ann. § 27-5-103 (2000). Because Plaintiff Andrews merely paid the standard court cost under Section 8-21-401(b)(1)(C)(i). and did not also file a surety bond to secure the "costs of the appeal," State Farm argued, the Circuit Court lacked jurisdiction over the appeal.

On December 5, 2011, Plaintiff Andrews filed a "Motion to Correct Judgment" pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. In that motion, Plaintiff Andrews sought the permission of the Circuit Court "to correct a mistake or excusable neglect" in his failure to file an appeal bond under Section 27-5-103. Plaintiff Andrews asserted in his motion that "it has been the policy of the General Sessions Court to permit [an] Appeal from the General Sessions Court to the Circuit Court for many years based on Notice of Appeal and payment of a certain amount of funds for costs that have been determined by the court clerk." In light of this, Plaintiff Andrews argued, the Circuit Court should permit him to correct his mistake regarding the appeal bond, to bring himself into compliance with Section 27-5-103.

On March 29, 2012, the Circuit Court conducted a hearing on State Farm's motion to dismiss. At the conclusion of the hearing, the Circuit Court granted State Farm's motion, citing *Sturgis v. Thompson*, No. W2010-02024-COA-R3-CV, 2011 WL 2416066, at *2-3 (Tenn. Ct. App. June 13, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011), and *University Partners Development v. Bliss,* No. M2008-00020-COA-R3-CV, 2009 WL 112571 (Tenn. Ct. App. Jan. 14, 2009) (memorandum opinion, not to be cited or relied upon under Rule 10

---

[3]Pursuant to statute, State Farm, as Plaintiff Andrews' uninsured motorist carrier, had the right to file pleadings in its own name. Tenn. Code Ann. § 56-7-1206(a).

of the Rules of the Court of Appeals of Tennessee).[4]  On April 5, 2009, the Circuit Court entered an order consistent with its oral ruling, stating that "the filing fee of $211.50 paid by the plaintiff is not a substitute for the filing of an Appeal Bond or Surety."  For this reason, the Circuit Court held that Plaintiff Andrews' appeal "was not perfected and this Court does not have subject matter jurisdiction over this matter."  From this order, Plaintiff Andrews now appeals.

## ISSUE ON APPEAL AND STANDARD OF REVIEW

On appeal, Plaintiff Andrews argues that the Circuit Court erred in granting State Farm's motion to dismiss for lack of subject-matter jurisdiction based on his failure to file a surety bond pursuant to Section 27-5-103.

Subject-matter jurisdiction implicates a court's power to adjudicate a particular case or controversy.  *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." *Earls*, 2011 WL 3481007, at *5 (citing *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)).  When subject-matter jurisdiction is questioned, we must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it.  *Id.* (citing *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

## ANALYSIS

Under Section 27-5-103, quoted in full above, a party who seeks to appeal from General Sessions Court to Circuit Court must do two things: (1) file a notice of appeal, and (2) either "give bond with good security . . . for the costs of the appeal" or, alternatively, file an affidavit of indigency.  *Sturgis*, 2011 WL 2416066, at *2-3.  These requirements are jurisdictional, and the Circuit Court does not acquire subject-matter jurisdiction over the appeal unless these prerequisites are satisfied.  *Id.* at *3 (citing *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *8 (Tenn. Ct. App. Jan. 29, 2008)); *see also Carter v. Batts*, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011), *perm. app. denied* (Tenn. Apr. 11, 2012); *Brady v. Valentine*, No. 01-A-019707CV00308, 1998 WL

---

[4]The Circuit Court also relied on an opinion issued by the Attorney General, Atty. Gen. Op., No. 12-23, 2012 WL 682072, at *2 (Feb. 23, 2012).

-4-

83746, at \*2 (Tenn. Ct. App. Feb. 27, 1998). "The failure of an appellant from general sessions court to comply with the statutory security requirement means that the circuit court never acquires subject matter jurisdiction over the appeal . . . ." **Sturgis**, 2011 WL 2416066, at \*3 (citing **Discover Bank**, 2008 WL 245976, at \*8); **see Carter**, 373 S.W.3d at 551 (noting that an appeal is not perfected unless the security requirement is satisfied).

This Court recently addressed the issue of whether the payment of \$211.50 satisfies the requirement in Section 27-5-103 to "give bond with good security . . . for the costs of the appeal" to Circuit Court, in **Bernatsky v. Designer Baths & Kitchens, LLC**, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013). In **Bernatsky**, as in the instant case, the parties appealing from the General Sessions Court judgment filed a notice of appeal and paid \$211.50 to the General Sessions Court clerk as the standard court cost of the appeal to Circuit Court. The Circuit Court dismissed the case for lack of subject-matter jurisdiction based on the appellants' failure to file an appeal bond pursuant to Section 27-5-103(a). **Bernatsky**, 2013 WL 593911, at \*2. The appellants appealed the dismissal to this Court.

On appeal, the **Bernatsky** Court reversed the conclusion of the Circuit Court and held that the \$211.50 payment satisfied the requirement to give bond for the costs of the appeal to Circuit Court set forth in Section 27-5-103(a). **Id.** at \*19. The appellate court first found that Section 27-5-103 was ambiguous, because it was imprecise and could reasonably be interpreted in more than one way. **Id.** at \*7. It then construed Section 27-5-103 and Section 8-21-401 together, considering the language and legislative history of both statutes, as well as the relevant caselaw. After doing so, the **Bernatsky** Court held that giving a cash bond of \$211.50, which included the \$150 "standard court cost" for such appeals under Section 8-21-401(b)(1)(C)(i), satisfied the requirement in Section 27-5-103(a) to "give bond with good security . . . for the costs of the appeal." **Id.** at \*19. Based on this conclusion, the appellate court in **Bernatsky** reversed the Circuit Court's dismissal of the case and remanded for further proceedings. In doing so, it specifically overruled **University Partners**, the case cited by the Circuit Court below, as well as **Jacob v. Partee**, No. W2012-00205-COA-R3-CV, 2012 WL 3249605 (Tenn. Ct. App. Aug. 10, 2012), *perm. app. denied* (Tenn. Dec. 12, 2012). **Id**. at \*19 & n.21.

The instant case is procedurally indistinguishable from **Bernatsky**. Therefore, in light of **Bernatsky**, we reverse the Circuit Court's dismissal of the appeal from General Sessions Court and remand the case to the Circuit Court for further proceedings.

**CONCLUSION**

The decision of the Circuit Court is reversed and the cause is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed one-half to Appellee State Farm Mutual Insurance Company and one-half to Appellee Deborah L. Clemmer, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE