IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
December 10, 2013 Session

## DONNA FAYE THOMPSON
v.
## KIM KAIL

**Appeal from the Crockett County Circuit Court
No. 3280    J. Weber McCraw, Judge, Sitting by Designation**

**No. W2013-01049-COA-R3-CV - Filed March 12, 2014**

This is an appeal from the trial court's grant of a motion to dismiss. The complaint alleged that the defendant circuit court clerk failed to timely send to the appellate court a case file in a matter other than the case that was on appeal. The defendant court clerk filed a motion to dismiss for failure to state a claim; the trial court granted the motion. The plaintiff appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Donna F. Thompson, Dyer, Tennessee, self represented

Brandon O. Gibson, Jackson, Tennessee, for Defendant/Appellee Kim Kail

## MEMORANDUM OPINION[1]

### FACTS AND PROCEEDINGS BELOW

This appeal arises from one of many lawsuits filed by Plaintiff/Appellant Donna F. Thompson stemming from the foreclosure of her property. Pertinent to this appeal, at least two of the cases filed by Thompson have been appealed to this Court. *See Thompson v. Deutsche Bank*, No. W2011-00329-COA-R3-CV, 2012 WL 1980373 (Tenn. Ct. App. June 4, 2012) ("Case No. 3208") and *Sturgis v. Thompson*, 415 S.W.3d 843 (Tenn. Ct. App. 2011) ("Case No. 3209"). In this appeal, we will refer to these two prior cases as "Case No. 3208" and "Case No. 3209," respectively.

Thompson filed the instant lawsuit in December 2011 in the Chancery Court of Shelby County, Tennessee against the clerk of the Crockett County Circuit Court, Defendant/Appellee Kim Kail. The complaint is entitled, "Misuse of Authority Causing Damages to the Plaintiff's Pending Appealed Case." In the complaint, Thompson appears to assert that Kail failed to timely send to the Court of Appeals the case file from Case No. 3208, in order to aid this Court in its consideration of Thompson's appeal of Case No. 3209.[2] The complaint states in its entirety:

> Come now the Plaintiff claim [sic] that the Defendant misused its authority by not sending her case to the court of appeals on time for review. The Plaintiff's case No.3208 was appealed to the court of appeal[s] on 2/2/2011 and the Defendant failed to meet the required deadline of the Tennessee law. The Defendant did not send the Plaintiff's case files until November 2011 that is seven months pass the Defendant's deadline. There was another case no. 3209 which was heard with this case no. 3208 in general sessions court at the same time. These two cases was combined [sic] together against the Plaintiff's will

---

[1]**Rule 10. Memorandum Opinion**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2]As noted below, Case No. 3209 was dismissed by this Court for lack of an appeal bond. *Sturgis v. Thompson*, 415 S.W.3d at 847.

but court proceeded on with both cases. The ruling on the case was unfair to the Defendant in general sessions court and the Defendant appealed to circuit court of Crockett county Tennessee.

The case got dismissed from the circuit court and the Defendant [Thompson] appealed to the court of appeals at Jackson Tennessee on 8/19/2010. The other case no. 3208 got separated from case no. 3209 due to it was pending [sic] a trial court date in circuit court of Crockett county Tennessee. The case no.3208 the defendant won and was rewarded funds for damages. There was no exchange of fund in case no. 3208 due to the appeal to circuit court. The case no. 3208 also got dismissed and was appealed to the court of appeals about four months later after case no. 3209.

The damages in this case now is [sic] that Defendant [Kail] failed to send case no. 3208 files to the court of appeals on time and this hurt the Defendant [Thompson] in case no. 3209. In case no. 3209 the defendant [Thompson] lost the case in the court of appeals due to case no. 3208 was not sent to the court of appeals on time to back up the defendant [Thompson's] argument against case no. 3209. These two cases is about real property with a mortgage. [sic] The mortgage value [was] $135,000 before damages accrued.

The Defendant is bonded by the state of Tennessee and the Plaintiff is claiming its damages toward the Defendant's bond. There is $250,000 dollars in damages. This is for the recovery of the Plaintiff's property and for the repairs of the property due to the vandalism of the property by the eviction officers.

In January 2012, Kail filed a motion to dismiss the lawsuit filed in Shelby County based on improper venue. Instead of dismissing the case, the Shelby County Chancery Court transferred it to the Crockett County Circuit Court ("trial court").

In April 2012, Kail filed a second motion to dismiss. This motion was based on the premise that Thompson was claiming in her lawsuit that Kail committed a negligent act or omission in the course of his duties as the circuit court clerk and asserted that Thompson's complaint failed to state a claim upon which relief could be granted. Specifically, the motion asserted that Thompson's complaint failed to allege that Thompson asked Kail to send the unrelated Case No. 3208 file to the Court of Appeals to assist the appellate court in its consideration of the Case No. 3209 appeal, that the complaint acknowledged that the subject case file was sent and claimed only that it was not sent in a timely fashion, and that the complaint did not

assert any facts showing that Kim's alleged failure to timely send the case file caused the damages Thompson claimed in the Case No. 3209 appeal.

Shortly thereafter, the Honorable J. Weber McCraw was designated by the Tennessee Supreme Court to hear the case. Judge McCraw set a hearing on Kail's motion to dismiss.

Thompson filed no response to Kim's second motion to dismiss. Instead, after the hearing was set on the motion to dismiss, Thompson filed a motion asking the Crockett County Circuit Court to transfer the case to the Crockett County Chancery Court.

In August 2012, the Crockett County Circuit Court held a hearing on Kail's motion to dismiss. The appellate record does not contain either a transcript or statement of the evidence regarding what took place at this hearing. After the hearing, the trial court entered an order stating that Thompson did not file a response to Kail's motion to dismiss, that Thompson received notice of the trial court's scheduled hearing on the motion, and that the hearing was held. The order then states that, "[b]ased on the Court's file and the arguments of the parties," the trial court had concluded that Kail's motion to dismiss was "well-taken and should be granted." The order granted the motion and dismissed Thompson's complaint with prejudice.

Shortly thereafter, Thompson filed a motion to reconsider, arguing that she had asked the Crockett County Circuit Court to transfer the case to the Crockett County Chancery Court, that she never intended for the case to be heard by the Crockett County Circuit Court, and again asking the Crockett County Circuit Court to transfer the case to the Crockett County Chancery Court. Kail filed a response to Thompson's motion to reconsider, pointing out that the Crockett County Circuit Court was the proper court to adjudicate a negligence claim against a government official pursuant to Tennessee Code Annotated § 29-20-307. *See* Tenn. Code Ann. § 29-20-307 (circuit courts have exclusive original jurisdiction over actions brought under Tennessee Governmental Tort Liability Act).

In March 2013, the trial court held a hearing on Thompson's motion to reconsider. Again, the appellate record does not include either a transcript or a statement of the evidence for this hearing. After the hearing, the trial court entered an order noting that, even though Thompson did not appear at the hearing on Kail's motion to dismiss, Thompson did not assert in her motion for reconsideration that she did not receive notice of the hearing on the motion to dismiss. The order went on to hold that Thompson presented "no compelling reason for reconsideration and makes no argument regarding the factors under Tennessee Rule of Civil Procedure 60." Accordingly, the trial court denied Thompson's motion for reconsideration. Thompson now appeals.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

Thompson raises the following issue on appeal:

> Whether Crockett County Circuit erred in holding that the motion to dismiss was proper according to Rule 12.02(6). Which states: when considering a motion to dismiss the courts[] must construe the Plaintiff's complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. Holding that courts must construe the complaint liberally in favor of the plaintiff by giving the plaintiff the benefit of all inferences that can be drawn from the pleaded facts. A trial court should grant a motion to dismiss[] only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. The plaintiff has proven to the court with evidence facts [sic] that the Defendant/appellee Kim Kail violated her rights to a fair appeal to the court of appeals By violating Rule 1.07 Rule 24 (b) (c) (d) Rule 4.06, rule 4.08[.]

We interpret this as stating two issues, namely, whether the trial court erred in granting Kail's motion to dismiss, and whether Thompson proved facts demonstrating that Kail "violated her rights to a fair appeal . . . [b]y violating Rule 1.07, Rule 24(b) (c) (d)[,] Rule 4.06, rule 4.08."[3]

As to the motion to dismiss for failure to state a claim, courts " 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.' " ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011). "A trial court should grant a motion to dismiss 'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.' " ***Id.*** (quoting ***Crews v. Buckman Lab Int'l, Inc.***, 78 S.W.3d 853, 857 (Tenn. 2002)). We review the trial court's legal conclusion on the adequacy of the complaint *de novo* with no presumption that the trial court's decision was correct. ***Webb***, 346 S.W.3d at 429.

### ANALYSIS

We address Thompson's second issue at the outset. After reviewing Thompson's brief, we must reluctantly conclude that we simply do not understand the issue Thompson seeks to raise. Thompson's brief does not state the source of the rules she cites and the argument

---

[3] Thompson raises no issue on appeal regarding the trial court's denial of her motion to reconsider.

section of her brief offers no intelligible explanation on what she means to argue. In light of this, we must respectfully decline to address this issue on appeal. *See Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. Moreover, an issue is waived where it is simply raised without any argument regarding its merits."). Therefore, we proceed to consider Thompson's argument that the trial court erred in granting Kail's motion to dismiss for failure to state a claim.

A motion to dismiss a complaint for failure to state a claim filed pursuant to Tennessee Rule of Civil Procedure 12.02(6) " 'admits the truth of all of the relevant and material allegations contained in the complaint, but it asserts that the allegations fail to establish a cause of action.' " *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005); *Leach v. Taylor*, 124 S.W.3d 87, 90 (Tenn. 2004)). Therefore, in reviewing the trial court's decision, we accept as true all factual allegations in the complaint and give Thompson the benefit of all reasonable inferences. *Brown,* 328 S.W.3d at 854-55; *see Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) ("In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.").

On appeal, we have carefully considered the arguments Thompson makes in her appellate brief and those made in her oral argument before this Court. After such review, we must respectfully conclude that the trial court did not err in granting the motion to dismiss.

On appeal, we interpret Thompson's complaint as alleging negligence against a government official in an act or omission in the course of the government official's employment. The complaint contains no allegation that Thompson asked Kail to send the case file from Case No. 3208 to the Court of Appeals for purposes of Thompson's appeal in Case No. 3209. Moreover, Thompson's complaint alleges no facts showing that Kail's purported failure to timely send the case file in Case No. 3208 affected the result in Thompson's appeal in unrelated Case No. 3209. *Sturgis v. Thompson,* 415 S.W.3d at 846-47 (affirming trial court's dismissal of Thompson's appeal pursuant to Tenn. Code Ann. § 27-5-103 for failure to file cost bond, recites that Thompson relied on pauper's oath after trial court determined she was not indigent). Likewise, Thompson's complaint alleges no facts showing that Kail's alleged negligence caused the claimed $250,000 in damages "for the recovery of [Thompson's] property and for the repairs of the property due to the vandalism of the property by the eviction officers." *See Kilpatrick v. Bryant*, 868 S.W.2d 594, 599 (Tenn. 1993) ("Even when it is shown that the defendant breached a duty of care owed to the

plaintiff, the plaintiff must still establish the requisite causal connection between the defendant's conduct and the plaintiff's injury.")

Accordingly, we find no error in the trial court's grant of Kail's motion to dismiss for failure to state a claim, and so affirm the dismissal. This holding pretermits all other issues raised on appeal.

## CONCLUSION

The judgment of the trial court is affirmed. Costs on appeal are assessed against Plaintiff/Appellant Donna F. Thompson for which execution may issue if necessary.


_____

HOLLY M. KIRBY, JUDGE