IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 25, 2011 Session

## KENDRA D. CARTER, ET AL. v. RETHA BATTS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003265-07     John R. McCarroll, Jr.**

**No. W2010-02572-COA-R3-CV - Filed October 28, 2011**

Plaintiffs prevailed in personal injury action against Defendant in Shelby County General Sessions Court. On appeal in Shelby County Circuit Court, the matter was tried before a jury and a judgment was rendered in favor of Defendant. Plaintiffs filed a motion for new trial or judgment notwithstanding the verdict. The circuit court granted Plaintiff's motion, but the parties settled the matter before retrial and signed a release memorializing the settlement. Subsequently, Plaintiffs filed a motion under Tennessee Rule of Civil Procedure 60.02(3) alleging that the circuit court lacked subject matter jurisdiction, and thus its judgment was void, because the Defendant failed to perfect the appeal from general sessions court. The circuit court denied the motion and Plaintiffs appealed. Finding that Defendant properly perfected the appeal from general sessions court, and that the release executed by the parties encompassed Plaintiffs' claim, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

William E. Friedman, Memphis, Tennessee, for the appellants, Kendra D. Carter and Sonja M. Carter.

R. Layne Holley and H. Lynne Smith, Germantown, Tennessee, for the appellee, Retha Batts.

## OPINION

### I. Background and Procedural History

On November 29, 2005, Kendra D. Carter, then a minor, was involved in an

automobile accident with Retha Batts ("Batts"). Sonja M. Carter, Kendra's mother, incurred medical expenses as a consequence of her daughter's injuries. On November 17, 2006, Kendra and her mother (collectively as "the Carters") filed suit against Batts in Shelby County General Sessions Court to recover damages for personal injuries and medical expenses resulting from the accident. Following a trial on May 30, 2007, a judgment in the amount of $12,500 was rendered in favor of the Carters.

On June 8, 2007, Batts filed a notice of appeal with the general sessions court clerk's office. Batts' insurance carrier, Allstate Insurance Company ("Allstate"), twice submitted a check to the general sessions court clerk's office for the appeal bond. Allstate submitted its first check, dated May 31, 2007, before Batts filed the notice of appeal. Allstate stopped payment on the first check at counsel's direction and submitted a second check contemporaneously with the filing of the notice of appeal on June 8, 2007. Before receiving notice from the bank that Allstate stopped payment on the first check, the general sessions court clerk advanced the costs of the appeal to the circuit court clerk's office. On June 13, 2007, the general sessions court clerk returned the second check to Allstate with a notation that the costs had been paid in full by the first check. As a result, since Allstate stopped payment on its first check and the second check was returned to them, the general sessions court clerk's office was not reimbursed for the costs of the appeal. The general sessions court clerk never notified the circuit court clerk's office about any of the events that took place regarding the two checks submitted by Allstate.

On appeal in Shelby County Circuit Court, the matter was tried before a jury and a judgment was rendered in favor of Batts. Thereafter, the Carters filed a Motion for New Trial or Judgment Notwithstanding the Verdict. On October 13, 2009, the circuit court granted the Carters' motion. Before the new trial, however, the parties voluntarily settled the matter and executed a release memorializing the settlement. On February 23, 2010, the circuit court entered the agreed upon Order of Compromise and Dismissal with Prejudice.

On June 3, 2010, the Carters filed a Motion to Set Aside the Appeal and Reinstate the General Sessions Judgment.[1] The Carters argued that Batts never properly perfected the

---

[1]Although the Carters' motion did not mention the rule under which they sought relief from the trial court's dismissal of their claims, at the time they filed the motion, their sole avenue of relief was a motion in accordance with Tennessee Rule of Civil Procedure 60.02. This rule provides in part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has

(continued...)

appeal from general sessions court to circuit court, and thus the circuit court never had jurisdiction over the matter. Further, the Carters argued that Allstate never paid the appeal bond, and therefore everything that took place on appeal in circuit court was null and void. After conducting a hearing, the circuit court found that the appeal bond was paid to the circuit court clerk's office by the general sessions court clerk, and thus the appeal was properly perfected. On November 4, 2010, the circuit court entered an order denying the Carters' motion. The Carters timely filed a notice of appeal.

## II. Issue Presented and Standard of Review

On appeal, the Carters contend the circuit court erred in denying their motion under Rule 60.02(3) because Batts never properly perfected the appeal from general sessions court, and therefore the judgment was void. In response, Batts argues that the costs of the appeal were in fact paid by the general sessions court clerk's office, and any confusion that arose regarding the checks submitted by Allstate was a matter of collection between Allstate and the general sessions court clerk's office.

This Court will not overturn a trial court's decision to grant or deny relief under Rule 60.02 unless the trial court abused its discretion. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)). "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *Thompson v. Chafetz*, 164 S.W.3d 571, 574 (Tenn. Ct. App. 2004) (citing *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)). The abuse of discretion standard does not allow this Court to substitute its judgment for that of the trial court. *Henry*, 104 S.W.3d at 479 (citation omitted). Rather, we will uphold the decision of the trial court so long as reasonable minds can disagree about its correctness, *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001), and we will set aside the trial court's decision only if it applied an incorrect legal standard or reached an illogical or unreasoned decision that causes an injustice to the complaining party. *Pegues v. Ill. Cent. R.R. Co.*, 288

---

[1](...continued)

been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02. Specifically, the Carters alleged relief from the judgment was necessary because the judgment was void. Therefore, we find it clear from the content of the motion that the Carters sought relief from the judgment under Rule 60.02(3).

S.W.3d 350, 353 (Tenn. Ct. App. 2008) (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004)).

### III. Analysis

The Carters argue that the circuit court erred in denying their motion under Rule 60.02(3) because the circuit court judgment was void. Specifically, the Carters argue that the circuit court lacked subject matter jurisdiction over the case because Batts failed to properly perfect the appeal from general sessions court pursuant to Tennessee Code Annotated section 27-5-103. This section of the Code, concerning appeals from general sessions court, provides that:

> (a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.
>     (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

Tenn. Code Ann. § 27-5-103 (2000). As previously stated by this Court, "[t]he only way that a circuit court may acquire subject matter jurisdiction over a case litigated in a general sessions court is through the timely perfection of a de novo appeal." *Univ. Partners Dev. v. Bliss*, No. M2008-00020-COA-R3-CV, 2009 WL 112571, at *3 (Tenn. Ct. App. Jan. 14, 2009) (citing *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *8 (Tenn. Ct. App. Jan. 29, 2008)). In order to properly perfect an appeal from general sessions court, the appealing party must file a notice of appeal and pay a cost bond within ten days of the general sessions court entering its final judgment. *Id.* (citation omitted) "The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it." *City of Red Boiling Springs v. Whitley*, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989) (citing *Chapman v. Howard*, 71 Tenn. 363 (1879)).

When a party seeks relief from a final judgment pursuant to Rule 60.02, the burden to demonstrate a basis for relief rests with that party. *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991) (citing *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 186 (Tenn. Ct. App. 1985)). "The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy." *Delong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005) (citing *Johnson v. Johnson*, 37 S.W.3d 892, 895 n. 2 (Tenn. 2001)). Ultimately, even if a party proves grounds for relief, the trial court may refuse in its discretion to set aside a final

-4-

judgment. *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 423 (Tenn. Ct. App. 1983) (citing Tenn. R. Civ. P. 60.02).

After reviewing the record, we agree with the circuit court that Batts properly perfected the appeal from general sessions court. Although the two checks submitted by Allstate were never applied toward the costs of the appeal, the record clearly establishes that the general sessions court clerk paid the appeal bond to the circuit court clerk's office. Any mistake or misunderstanding between Allstate and the general sessions court clerk's office regarding the two checks does not affect the validity of the appeal. Therefore, we find that Batts met the requirements of Tennessee Code Annotated section 27-5-103 once the circuit court clerk's office received payment on her behalf.

We emphasize that the parties in this matter executed a release and the circuit court entered the Order of Compromise and Dismissal with Prejudice based on this voluntary settlement. It is well established that "'the scope and extent of a release depends on the intent of the parties as expressed in the instrument' and that '[a] general release covers all claims between the parties which are in existence and within their contemplation.'" *Louis Dreyfus Corp. v. Austin Co., Inc.*, 868 S.W.2d 649, 654 (Tenn. Ct. App. 1993) (citations omitted). Despite the existence of the settlement, it is apparent that the Carters want this Court to relieve them of their obligations under the release. Courts, however, "will not relieve parties from contractual obligations simply because they later prove to be burdensome or unwise." *Peatross v. Shelby County*, No. W2008-02385-COA-R3-CV, 2009 WL 2922797, at *5 (Tenn. Ct. App. Sept. 10, 2009) (quoting *Hunt v. Twisdale*, No. M2006-01870-COA-R3-CV, 2007 WL 2827051, at * 7 (Tenn. Ct. App. Sept. 28, 2007)). The release in the case at bar is a general release meant to cover all claims resulting from the automobile accident.[2] Moreover, the language of the release clearly indicates that the parties intended to discharge Batts and Allstate from any and all liability, including liability for claims the Carters might assert in the future.[3] Further, we find no evidence in the record that

---

[2] The release provides that the Carters discharged Batts and Allstate "from any and all claims, demands, damages, costs, expenses, loss of services, actions, and causes of actions arising from any act or occurrence, up to the present time, and particularly an account of all personal injury, disability, property damage, loss of services and loss or damages of any kind sustained or that hereafter may sustain in consequence of an accident that occurred on or about 11/29/2005."

[3] The release further provides that it "shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty, or event, as well as to those now disclosed," and that it shall "terminate further controversy respecting all claims for damages that [the Carters] have heretofore asserted or that [the Carters] or [their] personal representatives might hereafter assert because of said accident."

the Carters were in any way misled or induced to enter the release.[4]  Therefore, in addition to our finding that Batts properly perfected the appeal from general sessions court, we conclude that the release signed by the Carters encompasses the claim they now seek to assert.  Accordingly, we find no abuse of discretion in the circuit court's decision to deny the Carters' motion under Rule 60.02(3).

## IV.  Conclusion

For the foregoing reasons, we affirm the decision of the circuit court.  Costs of this appeal are taxed to the appellants, Kendra D. Carter and Sonja M. Carter, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[4]In fact, by signing the release, the Carters agreed that "no representations about the nature or extent of said injuries, disabilities or damages made by any physician, attorney or agent of any party hereby released, nor any representations regarding the nature or extent of legal liability or financial responsibility of any of the parties released, have induced us to make this settlement."