IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 24, 2012 Session

## KENNETH BROWN, SANDRA McCULLEY, AND SHAWN McCULLEY
v.
## SAMIR SHTAYA

**An Appeal from the Circuit Court for Shelby County**
**No. CT-003801-10 (CT-004711-10)       Robert L. Childers, Judge**

**No. W2012-00875-COA-R3-CV - Filed March 6, 2013**

In this case, we address the bond requirements for an appeal from General Sessions Court to Circuit Court. The plaintiff property owners were leasing commercial space to the defendant. The plaintiffs filed a forcible entry and detainer action against the defendant in General Sessions Court. During the pendency of the proceedings, the plaintiffs allegedly locked the defendant out of the property prematurely, causing property damage to the defendant. The defendant then filed a cross-claim in the original General Sessions Court lawsuit for unlawful ouster. The defendant also filed a separate action in the General Sessions Court based on the same allegations of unlawful ouster. The General Sessions Court consolidated the two cases for trial. Ultimately, the General Sessions Court held in favor of the plaintiffs on their forcible entry and detainer claim and awarded attorney fees under the lease. As to the defendant's cross-claim and separate lawsuit based on unlawful ouster, the General Sessions Court found in favor of the defendant and awarded damages. The plaintiffs sought a *de novo* appeal to Circuit Court of the rulings in favor of the defendant on his cross-claim and separate claim; the defendant appealed the Circuit Court's ruling in favor of the plaintiffs. In doing so, all of the appellants — the plaintiffs and the defendant — filed notices of appeal and paid $211.50 to the General Sessions Court clerk, pursuant to T.C.A. § 8-21-401(b)(1)(C)(i). None of the appellants filed any further bond at that time. The defendant filed a motion to dismiss the plaintiffs' appeals, arguing that the Circuit Court lacked subject-matter jurisdiction because they had not complied with the appeal-bond requirement in T.C.A. § 27-5-103. The Circuit Court granted the motion and dismissed the plaintiffs' appeals. The Circuit Court also dismissed the defendant's appeal *sua sponte* based on the same reasoning. The plaintiffs now appeal to this Court. We reverse the Circuit Court's dismissal of the plaintiffs' appeals in light of our recent decision ***Bernatsky v. Designer Baths & Kitchens, LLC***, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is
Reversed in Part and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, J., joined. ALAN E. HIGHERS, P.J., W.S., filed a dissenting opinion.

Gregory C. Krog, Jr., Memphis, Tennessee, for the Plaintiffs/Appellants Kenneth Brown, Sandra McCulley, and Shawn McCulley

S. Joshua Kahane, Memphis, Tennessee, for the Defendant/Appellee Samir Shtaya

**OPINION**

**FACTS AND PROCEEDINGS BELOW**

The facts relevant to the issue in this appeal are undisputed. Plaintiff/Appellants Kenneth Brown and Sandra McCulley (collectively, "Plaintiffs") jointly owned commercial property located at 2156 Young Avenue Memphis, Shelby County, Tennessee. Defendant/Appellee Samir Shtaya ("Defendant Shtaya") leased the property from the Plaintiffs for the purpose of operating a restaurant.

On January 25, 2010, the Plaintiffs filed a forceable entry and detainer ("FED") warrant in the General Sessions Court of Shelby County, Tennessee, against Defendant Shtaya, seeking possession of the property. In this opinion, we refer to that case as the "FED action." On February 17, 2010, the General Sessions Court conducted a trial and entered a judgment in favor of the Plaintiffs, awarding them possession of the property. The judgment included a handwritten notation, stating that "no writ shall issue prior to April 19, 2010." In later proceedings related to the FED action, the General Sessions Court explained that the notation to delay issuance of the writ was based on the court's understanding that "moving a restaurant was something that you couldn't do in ten days," and that Defendant Shtaya needed "sufficient time to locate a place and to get his items moved into the new place."

The General Sessions Court scheduled a trial for April 19, 2010, on the Plaintiffs' claim for attorney fees in the FED action, as well as the Plaintiffs' claim for money damages. The trial was later rescheduled for April 22, 2010. In the meantime, however, apparently acting as though a writ of possession had been issued, the Plaintiffs changed the locks on the subject

property and cut off the electricity.[1] According to Defendant Shtaya, by the time he finally gained access to the property, much of his personal property was missing and what remained was severely damaged.

On April 21, 2010, before the scheduled trial, Defendant Shtaya filed a cross-claim in the FED action, alleging that the Plaintiffs had denied him access to the building and that the Plaintiffs were liable to him for unlawful ouster, trespass, conversion, theft, breach of contract, willful and wanton misconduct, extreme and outrageous conduct, breach of the peace, punitive damages, and attorney fees. On the same day, Defendant Shtaya filed a separate civil lawsuit against the Plaintiffs in the same General Sessions Court; in this separate lawsuit, he made the same exact allegations that he made in his cross-claim in the FED action. In addition, in this separate action, Defendant Shtaya added as a defendant Shawn McCulley, the property manager of the subject property and the son of co-defendant Sandra McCulley. In this opinion, we refer to this separate action as the "unlawful ouster case."

On April 22, 2010, the General Sessions Court commenced the trial as scheduled. It heard evidence as to the Plaintiffs' attorney fees incurred in the FED action, as well as evidence on Defendant Shtaya's unlawful ouster case. The matter was not concluded, however; the General Sessions Court continued it to hear further evidence at a later date.

On July 14, 2010, the General Sessions Court reconvened the trial on the remaining issues in both the FED action and the unlawful ouster case. At the conclusion of the trial, the General Sessions Court awarded the Plaintiffs $4,400 in attorney fees as the prevailing party in the FED action, in accordance with the parties' lease agreement. On Defendant Shtaya's cross-claim, the General Sessions Court held in favor of Defendant Shtaya and awarded damages against the Plaintiffs in the maximum jurisdictional limit of $24,999.99, plus attorney fees of $8,333.33 and court costs.

On the same day, July 14, 2010, the General Sessions Court granted a separate judgment in favor of Defendant Shtaya against the Plaintiffs and Shawn McCulley in the unlawful ouster case. Two days later, however, the General Sessions Court judge, apparently with the intent of making a correction, overwrote the judgment language and signed a stamp indicating that the separate unlawful ouster action was "dismissed" as of July 16, 2010.

On July 23, 2010, Defendant Shtaya filed a notice of appeal in the FED action and paid $211.50 to the General Sessions Court clerk for the appeal, which included the $150 standard

[1]Even though a hearing was not conducted on April 19, 2010, the Circuit Court would later comment that this is the date on which "all of the problems really began to arise."

court cost for filing appeals from General Sessions Court to Circuit Court set out in Tennessee Code Annotated § 8-21-401(b)(1)(C)(i).[2] On the same day, Plaintiffs Kenneth Brown and Sandra McCulley each filed a notice of appeal and each paid the General Sessions Court clerk $250. The General Sessions Court clerk docketed the appeals filed by Plaintiffs Kenneth Brown and Sandra McCulley; they were filed with the Circuit Court under docket number CT-003801-10. In processing the appeal, the General Sessions Court clerk's office refunded the two Plaintiffs $38.50 each and credited each with paying $211.50. The General Sessions Court clerk then retained $15 each from the appeals of the Plaintiffs and Defendant Shtaya and sent the remaining amounts paid — $196.50 each — to the Circuit Court clerk. Defendant Shtaya did not at that time file a separate appeal of the dismissal of the unlawful ouster case.

On August 5, 2010, Defendant Shtaya filed a motion to amend his Circuit Court complaint to make a more definite statement. In this pleading, Defendant Shtaya listed the Plaintiffs and Shawn McCulley as opposing parties, even though Shawn McCulley was not a party to the original FED action. The Plaintiffs and Shawn McCulley filed a response opposing Defendant Shtaya's motion to amend; they contended, among other things, that the proposed amended complaint was barred by the doctrine of *res judicata*, because no appeal had been taken from the order of dismissal entered in the separate unlawful ouster case.

According to the Plaintiffs and Shawn McCulley, Defendant Shtaya then filed a motion in the General Sessions Court to set aside the dismissal of the separate unlawful ouster case. He asserted in the motion that a "clerical mistake" had been made pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure.

On August 27, 2010, the General Sessions Court held a hearing on Defendant Shtaya's motion to set aside.[3] At the conclusion of the hearing, the General Sessions Court announced to the parties that it intended to set aside its earlier dismissal in the unlawful ouster case based on a clerical error, and that it intended to enter a judgment in the unlawful ouster case against the Plaintiffs and Shawn McCulley for the full amount of the judgment, as entered

---

[2]This provision, under a section titled "Fees in civil cases in circuit and chancery court," states:

> (1)(C) In the following specific types of civil actions, the clerk shall charge a standard court cost of one hundred fifty dollars ($150) at the institution of a case:
>
> (i) Appeals to the circuit . . . court from . . . general sessions court . . . .

Tenn. Code Ann. § 8-21-401(b)(1)(C)(i) (2005).

[3]The appellate record does not include a transcript of that hearing.

in the cross-claim in the FED action. Despite this announcement at the hearing, the General Sessions Court did not enter a written order memorializing its oral ruling.

Assuming that the General Sessions Court had entered a written order memorializing its oral ruling, the Plaintiffs and Shawn McCulley filed a notice of appeal with the General Sessions Court clerk, appealing the non-existent "judgment entered on [Defendant Shtaya's] Rule 60.01 motion in this case on August 27, 2010." In doing so, each of them filed a notice of appeal and paid the General Sessions Court Clerk $211.50. The General Sessions Court clerk docketed this appeal; it was filed by the Circuit Court under a different docket number, Circuit Court docket number CT-040711-10.

On February 24, 2011, Defendant Shtaya filed an amended complaint in the Circuit Court, which set out in more detail the damages that he had suffered from the conduct of the Plaintiffs and Shawn McCulley. On the same day, February 24, 2011, the Circuit Court entered an order consolidating the two appeals from the General Sessions Court.

On March 28, 2011, the Plaintiffs and Shawn McCulley filed a motion to dismiss Defendant Shtaya's amended complaint. They asserted in the motion, among other things, that the doctrine of *res judicata* barred the complaint based on the fact that the separate unlawful ouster claim was not properly appealed to Circuit Court.

On July 29, 2011, the Circuit Court conducted a hearing on the motion to dismiss Defendant Shtaya's amended complaint. According to the Plaintiffs and Shawn McCulley, the Circuit Court *sua sponte* at the hearing produced a copy of this Court's Rule 10 memorandum opinion in *University Partners Development v. Bliss,* No. M2008-00020-COA-R3-CV, 2009 WL 112571 (Tenn. Ct. App. Jan. 14, 2009).[4] Citing that case, the Circuit Court expressed doubt about whether the Circuit Court had subject-matter jurisdiction over the appeal at all, because none of the parties who had appealed from General Sessions had filed a surety bond pursuant to Tennessee Code Annotated § 27-5-103(a). That statute, which is central to this appeal, provides as follows:

> (a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.
>
> (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

---

[4]Under Rule 10 of the Court of Appeals of Tennessee, an opinion designated under the Rule is not to be cited or relied upon in a separate case. *See* Tenn. Ct. App. R. 10.

Tenn. Code Ann. § 27-5-103 (2000). At the hearing, the Circuit Court gave the parties until August 12, 2011, to file a written response to the concern raised about the Circuit Court's subject-matter jurisdiction.

On August 3, 2011, Defendant Shtaya responded to the Circuit Court judge's concerns by filing a motion to dismiss the two General Sessions Court appeals filed by the Plaintiffs and Shawn McCulley, contending that the appeals had not been properly perfected for failure to file appeal bonds pursuant to Section 27-5-103. Because these appellants merely paid the required court costs but did not file an appeal bond to secure the "costs of the appeal," Defendant Shtaya argued, the Circuit Court lacked jurisdiction over the appeals.

On August 11, 2011, the Plaintiffs and Shawn McCulley filed a report to the Court, attaching affidavits of General Sessions Court Deputy Clerk Dewayne Bevill, Circuit Court Deputy Clerk Sheri Carter, and counsel of record. The affidavits indicated that, at the time the appeals were filed, each appellant paid $211.50. The affidavits also indicated that, when the payments were forwarded to the Circuit Court clerk's office, they were recorded as "payments for the appellate cash bond . . . ."

On September 1, 2011, the Plaintiffs and Shawn McCulley filed a direct response to Defendant Shtaya's motion to dismiss, as well as supporting affidavits. One affidavit indicated that, on March 6, 2006, the effective date of an amendment to Section 8-21-401, the General Sessions Court clerk's office had implemented a procedure whereby an appeal bond was no longer required by the clerk; rather, an appeal would be accepted by the General Sessions Court clerk and forwarded to the Circuit Court clerk upon the filing of a notice of appeal "and either the payment of $211.50 to the General Sessions Court Clerk, or execution of a pauper's oath." In their response, the Plaintiffs and Shawn McCulley requested permission to amend the cash appeal bonds in the event the Circuit Court deemed them insufficient.[5]

On September 23, 2011, the Circuit Court conducted a hearing on Defendant Shtaya's motion to dismiss. At the conclusion of the hearing, expressly relying on *University Partners*, the Circuit Court held that the appeals filed by the Plaintiffs and Shawn McCulley were not properly perfected because none had filed a surety bond at the time the standard court cost

---

[5]In support of their request for permission to amend the cash appeal bonds to meet the jurisdictional requirements, the Plaintiffs and Shawn McCulley cited *Tejwani v. Trammel*, No. 02A01-9103CV00036, 1991 WL 136224 (Tenn. Ct. App. July 26, 1991), in which the bond for the appeal from General Sessions Court to Circuit Court was inadvertently not executed. The appellate court in *Tejwani* observed that "once the bond is filed, the courts have been liberal in allowing amendments to cure defects in an appeal bond" but construed the bond as a valid appeal bond. *Id.* at *1.

of $211.50 was paid.[6]  Based upon this oral ruling, Plaintiffs and Shawn McCulley filed a motion to dismiss Defendant Shtaya's appeal for failure to perfect his appeal under the same reasoning.  On October 28, 2011, the Circuit Court entered a written order consistent with its oral ruling in both cases, concluding that neither the Plaintiffs and Shawn McCulley nor Defendant Shtaya properly perfected appeals of their General Sessions Court judgments. Accordingly, it dismissed the appeals of the Plaintiffs, Shawn McCulley, and Defendant Shtaya.

On the same day that the Circuit Court entered its written order dismissing the case, this Court issued its decision in *Carter v. Batts*, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011).  In *Carter*, the appellate court held that the Circuit Court had subject-matter jurisdiction over an appeal from General Sessions Court where the appellant had "paid a cost bond" in the form of a check to perfect its appeal.

On November 22, 2011, based on *Carter,* the Plaintiffs and Shawn McCulley filed motions in both cases pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure to alter or amend the Circuit Court's decision, asking that the dismissal of their appeals be set aside. In support of the motions, they attached the affidavit of Circuit Court Deputy Clerk Sharon Smith, as well as a copy of the Circuit Court's records in *Carter v. Batts*.  The records demonstrated that, in filing their appeal to Circuit Court, the appellants in *Carter v. Batts* had written a check for $211.50 to the General Sessions Court clerk's office and submitted it along with their notice of appeal. Under those circumstances, the Plaintiffs and Shawn McCulley pointed out, the appellate court in *Carter* had held that the appellants perfected their appeal and the Circuit Court had jurisdiction over the case.

On January 18, 2012, the Plaintiffs and Shawn McCulley filed a supplemental memorandum of law in support of their Rule 59.04 motions to alter or amend.  They attached an order issued by this Court in *Carter v. Batts*, denying a petition to rehear.  In the petition, the appellants in *Carter* had argued to the appellate court that its ruling should be reconsidered based on *University Partners*.  The petition to rehear was denied.  By denying the motion to reconsider in *Carter*, the Plaintiffs and Shawn McCulley argued, the appellate court had implicitly rejected the holding in *University Partners*.

On February 17, 2012, the Circuit Court conducted a hearing on the Rule 59.04 motions to alter or amend the judgments in the consolidated cases.  After hearing the attorneys' arguments, the Circuit Court adhered to its original orders and denied the motions to alter or amend.  On March 2, 2012, the Circuit Court entered a written order denying the motions to

[6]After hearing the attorneys' arguments, the trial judge commented, "I'm not at all happy with what I think I have to do in this case" and added, "I'll be quite happy if I'm reversed on this case."

alter or amend. From this order, the Plaintiffs and Shawn McCulley now appeal in both cases.[7]

On March 23, 2012, the Circuit Court entered an order consolidating the two Circuit Court cases for all purposes, including for purposes of appeal, effective *nunc pro tunc* to February 24, 2011, the date of the earlier order of consolidation. On March 30, 2012, the Circuit Court entered an order staying enforcement of the judgment pending appeal.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

The Plaintiffs and Shawn McCulley (hereinafter "Appellants") raise many different issues for our review, all of which challenge the Circuit Court's dismissal of their appeals for lack of subject-matter jurisdiction based on a failure to comply with Section 27-5-103. We summarize those issues as follows:

> 1. Whether the payment of the "standard court cost" in Section 8-21-401 satisfies the requirement in Section 27-5-103(a) to "give bond with good security . . . for the costs of the appeal"?
>
> 2. Whether the Circuit Court erred by refusing to permit them to amend their appeal bond?
>
> 3. Whether the action of the General Sessions Court clerk, in accepting $211.50 as sufficient security and in transmitting a perfected appeal to the Circuit Court, constitutes the "grant of an appeal" under Section 27-5-103(a) so as to vest jurisdiction in the Circuit Court?

_____

[7]Defendant Shtaya also filed a notice of appeal from the Circuit Court's March 2, 2012. He did not, however, argue in his appellate brief that the dismissal of his General Sessions Court appeal should be reversed. Quite the contrary, he argued in his brief that the trial court's decision was correct. In an attempt to preserve his own appeal from General Sessions Court, however, Defendant Shtaya requested in a footnote in his appellate brief that, "[i]n the event [that] the Court does conclude that the Trial Court's dismissal should be reversed, . . . the Circuit Court's dismissal of its General Sessions appeal likewise be reversed and remanded." Shtaya Appellate Brief at 15 n.10. Respectfully, we cannot grant this request, because Defendant Shtaya did not preserve his argument in either the Circuit Court nor in this Court. Issues not raised in the trial court are waived on appeal. *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009). Even if an argument is properly raised in the trial court, the issue is waived on appeal if it is not stated in the appellate brief as an issue on appeal and supported by argument in the brief. *See Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006). For these reasons, we must conclude that the propriety of the Circuit Court's dismissal of Defendant Shtaya's General Sessions Court appeal is not properly before this Court, and we do not address that issue in this appeal.

4. Whether Section 8-21-401 as amended in 2005 worked an implied repeal of Section 27-5-103?

5. Whether the Circuit Court's grant of Defendant Shtaya's motion to dismiss, which deprived them the right to a *de novo* appeal and a jury trial in Circuit Court, constitutes a deprivation of the Appellants' due process rights?

Subject-matter jurisdiction implicates a court's power to adjudicate a particular case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." *Earls*, 2011 WL 3481007, at *5 (citing *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)). When subject-matter jurisdiction is questioned, we must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it. *Id.* (citing *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

### ANALYSIS

Under Section 27-5-103, quoted in full above, a party who seeks to appeal from General Sessions Court to Circuit Court must do two things: (1) file a notice of appeal, and (2) either "give bond with good security . . . for the costs of the appeal" or, alternatively, file an affidavit of indigency. *Sturgis v. Thompson*, No. W2010-02024-COA-R3-CV, 2011 WL 2416066, at *2-3 (Tenn. Ct. App. June 13, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011). These requirements are jurisdictional, and the Circuit Court does not acquire subject-matter jurisdiction over the appeal unless these prerequisites are satisfied. *Id.* at *3 (citing *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *8 (Tenn. Ct. App. Jan. 29, 2008)); *see also Carter v. Batts*, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011), *perm. app. denied* (Tenn. Apr. 11, 2012); *Brady v. Valentine*, No. 01-A-019707CV00308, 1998 WL 83746, at *2 (Tenn. Ct. App. Feb. 27, 1998). "The failure of an appellant from general sessions court to comply with the statutory security requirement means that the circuit court never acquires subject matter jurisdiction over the appeal . . . ." *Sturgis*, 2011 WL 2416066, at *3 (citing *Discover Bank*, 2008 WL 245976, at *8); *see Carter*, 373 S.W.3d at 551 (noting that an appeal is not perfected unless the security requirement is satisfied).

The primary issue raised by the Appellants in this appeal is whether the payment of $211.50 satisfies the requirement in Section 27-5-103 to "give bond with good security . . . for the

costs of the appeal." This Court recently addressed this issue in ***Bernatsky v. Designer Baths & Kitchens, LLC***, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013). In ***Bernatsky***, as in the instant case, the parties appealing from the General Sessions Court judgment filed a notice of appeal and paid $211.50 to the General Sessions Court clerk, as the "standard court cost" of the appeal under Section 8-21-401(b)(1)(C)(i).[8] The Circuit Court dismissed the case for lack of subject-matter jurisdiction based on the appellants' failure to file an appeal bond pursuant to Section 27-5-103(a).***Bernatsky***, 2013 WL 593911, at \*2. The appellants appealed the dismissal to this Court.

On appeal, the ***Bernatsky*** Court reversed the conclusion of the Circuit Court and held that the $211.50 payment satisfied the requirement to give bond for the costs of the appeal to Circuit Court set forth in Section 27-5-103(a). ***Id.*** at \*19. The ***Bernatsky*** Court held that Section 27-5-103 was ambiguous, because it was imprecise and could reasonably be interpreted in more than one way. ***Id.*** at \*7. It then construed Section 27-5-103 and Section 8-21-401 together, considering the language and legislative history of both statutes, as well as the relevant caselaw. After doing so, the ***Bernatsky*** Court held that giving a cash bond of $211.50, which included the $150 "standard court cost" for such appeals under Section 8-21-401(b)(1)(C)(i), satisfied the requirement in Section 27-5-103(a) to "give bond with good security . . . for the costs of the appeal." In reaching this conclusion, ***Bernatsky*** specifically overruled ***University Partners***, the case cited by the Circuit Court below, as well as ***Jacob v. Partee***, No. W2012-00205-COA-R3-CV, 2012 WL 3249605 (Tenn. Ct. App. Aug 10, 2012), *perm. app. denied* (Tenn. Dec. 12, 2012). ***Id***. at \*19 & n.21. Thus, ***Bernatsky*** reversed the Circuit Court's dismissal of the case and remanded for further proceedings.

Certainly the procedural history of the instant consolidated cases is more complicated than the procedural setting in ***Bernatsky***. Nevertheless, the pivotal issue in the instant appeal is precisely the issue that was addressed in ***Bernatsky***. In the instant case, the Appellants filed timely notices of appeal and contemporaneously paid $211.50 — which included the "standard court cost" of $150 — to the General Sessions Court clerk. No surety bond was filed. The ***Bernatsky*** Court specifically held that payment of the $211.50 cash bond was sufficient under Sections 27-5-103 and 8-21-401 to confer subject-matter jurisdiction on the Circuit Court. ***Id.*** at \*19.

---

[8]In the instant case, the Plaintiffs attempted to pay the General Sessions Court clerk $250 to perfect their appeal, but the clerk's office refunded them each $38.50, deeming $211.50 to be sufficient to cover the costs of the appeal. In ***Bernatsky***, we recognized that a $250 surety or cash bond was held to be acceptable in some older cases. ***See Bernatsky***, 2013 WL 593911, at \*7-11 & n.9.

In light of *Bernatsky*, we hold that the Appellants' actions in this case were sufficient to perfect their appeal under Section 27-5-103(a). Accordingly, we must respectfully reverse the Circuit Court's decision insofar as it dismissed the Appellants' appeals from the General Sessions Court, and we remand for further proceedings. The propriety of the trial court's dismissal of Defendant Shtaya's General Sessions Court appeal was not presented as an issue in this appeal, so our decision herein does not affect that portion of the trial court's order.[9] This conclusion pretermits all other issues raised in this appeal.

### CONCLUSION

The decision of the Circuit Court is reversed in part as set forth herein, and the cause is remanded for further proceedings consistent with this opinion. Costs on appeal are to be taxed to Appellee Samir Shtaya, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[9] *See supra* note 7.