# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs February 28, 2013

## PLEDGED PROPERTY II, LLC v. MAURICE MORRIS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002589-11    John R. McCarroll, Judge**

_____

**No. W2012-01389-COA-R3-CV - April 15, 2013**

_____

The trial court dismissed this matter on appeal from general sessions court upon finding that Appellant failed to perfect his appeal where he failed to file a bond for good surety or pauper's oath. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Maurice Morris, *Pro Se*.

John A. Barney, Brentwood, Tennessee, for the appellee, Pledged Property II, LLC.

## OPINION

This dispute arises from a foreclosure sale of real property located on South Tournament Drive in Memphis ("the property"). In 2007, Defendant/Appellant Maurice Morris ("Mr. Morris") executed a deed of trust and security instrument in favor Rob V. Budwa, as Trustee for Mortgage Electronic Registration System, acting as nominee for Fieldstone Mortgage Company ("Fieldstone"). Mr. Morris apparently failed to make payments on the mortgage as required, the loan was accelerated, and the property eventually was sold at foreclosure sale to Plaintiff/Appellee Pledged Property II, LLC, ("Pledged Property") in October 2009. Mr. Morris did not vacate the property, and in December 2009 Pledged Property filed a detainer warrant against Mr. Morris in the general sessions court, claiming the right to possession of the property. Pledged Property prayed for possession only, plus accrued rent, damages, attorneys fees and costs. The general sessions court

entered judgment for possession only in favor of Pledged Property on May 23, 2011.

On May 25, 2011, "Maurice Morris Estate" filed a notice of appeal of to the Circuit Court for Shelby County. The notice was not signed by Mr. Morris, but by "Wesley Harris Bey All Rights Reserved Trustee." In July 2011, Pledged Property filed a motion to dismiss, asserting that Mr. Morris had failed to post an appeal bond as required by Tennessee Code Annotated § 29-18-130(b)(2). Pledged Property also filed a motion for summary judgment, asserting that no genuine issues of material fact existed and that it was entitled to a judgment as a matter of law. In its statement of undisputed facts, Pledged Property asserted that it was undisputed that Mr. Morris executed the 2007 deed of trust securing payment of the property, that he defaulted on the note, that a foreclosure sale was had in conformity with the terms of the deed, and that the property was sold to Pledged Property for the sum of $335,000. Pledged Property also stated that judgment had been entered in its favor in the general sessions court, and that Mr. Morris had failed to vacate the property.

In July 2011, Mr. Morris filed a motion to dismiss for lack of subject matter jurisdiction. In his motion, he asserted that he had conveyed the property to a trust through an "international irrevocable trust agreement"; that Federal Reserve Notes are not money by law; that the foreclosure sale was fraudulent where it was conducted by a substitute trustee not appointed by him; that the court lacked subject matter jurisdiction because the trust was not subject to any court. Mr. Morris filed no response to Pledged Property's motions.

On July 18, 2011, Wesley Harris-Bey, purportedly acting as Trustee, filed a notice of removal to federal court based upon diversity of citizenship. On February 28, 2012, the Unites States District Court for the Western District of Tennessee entered an order striking the filings of Wesley Harris-Bey, granting Pledged Property's motion to remand to state court, and imposing restrictions on the filing privileges of Wesley Harris-Bey on the grounds that he is not an attorney and cannot represent either Mr. Morris or the alleged trust. In its order, the federal court noted that the dispute had been before the court three times, and stated

> [t]he papers filed by, or on behalf of Mr. Morris . . . [were] unintelligible amalgamations of various statutes and legal concepts having no bearing on the issues presented and [did] not appear to [have been] a good-faith effort to litigate any claim. For example, the allegation that Defendant is an indigenous person who is absolutely immune to suit has been repeatedly rejected as frivolous. Morris's filings in the instant case do not assert any viable defense to the Detainer Warrant. Instead, they appear to be an attempt to harass Plaintiff and prolong litigation of this matter.
>
> Mr. Morris filed a number of motions and notices following remand to the circuit

court, asserting, *inter alia*, that he was not subject to the court's authority as an "indigenous person." Following a hearing on Pledged Property's motions, by order entered May 11, 2012, the trial court granted Pledged Property's motion for summary judgment, finding there were no disputed issues of material fact and that Pledged Property was entitled to a judgment as a matter of law. (TR at 240) On May 21, 2012, Mr. Morris filed a motion styled "Motion Demand for Rule 60B(3),(4) Relief From Judgment [] [V]oid and Vacate Judgment." The trial court entered final judgment in favor of Pledged Property on September 6, 2012. The trial court determined that it lacked jurisdiction over the matter where the notice of appeal was void on its face where it was not signed by Mr. Morris, but by "Wesley Harris Bey All Rights Reserved Trustee." The trial court also determined that the appeal was not properly perfected under Tennessee Code Annotated § 27-5-103 because no bond with security was given and no pauper's oath was taken by Mr. Morris, and that it was not properly perfected under section 29-18-130(B)(2), which requires a bond for one year's rent in order to retain possession. The trial court accordingly remanded the cause to the general sessions court. The trial court alternatively granted Pledged Property's motion for summary judgment on the basis of the undisputed material facts. Finally, the trial court dismissed all remaining motions and claims. Mr. Morris filed a notice of appeal to this Court, and was permitted to proceed on a pauper's oath.

**Discussion**

Mr. Morris raises eight issues for our review. Before turning to the issues presented, however, we must determine whether the trial court correctly determined that it did not have subject matter jurisdiction to adjudicate Mr. Morris's appeal where Mr. Morris failed to file an appeal bond. Subject matter jurisdiction concerns the court's authority to adjudicate a matter. *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012). It is conferred by statute and by the constitution, and cannot be waived or conferred by the parties by silence, consent, or plea. *Id*. An order of a court acting without subject matter jurisdiction is void. *Id*. The question of subject matter jurisdiction may be raised at any time in any court. *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010) (citations omitted). The issue may be raised *sua sponte* by the courts. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn.1998). Appellate courts, moreover, are required to consider whether it and the trial court have subject matter jurisdiction whether or not the issue is raised by the parties. Tenn. R. App. P. 13(b).

Tennessee Code Annotated § 27–5–103 governs the general bond requirements in a matter appeal from general sessions court. It states:

(a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the

oath for poor persons.

     (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

Tenn. Code Ann. § 27-5-103(2000). Tennessee Code Annotated § 29-18-130(b)(2), however, governs the bond required on appeal in a detainer action. *Swanson Dev., LP. v. Trapp*, No. M2006-02310-COA-R3-CV, 2008 WL 555705, at *3 (Tenn. Ct. App. Feb. 29, 2008). Section 29-18-130 provides, in relevant part:

     (a) When judgment is rendered in favor of the plaintiff, in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the plaintiff restored to the possession immediately.

     (b)(1) If the defendant pray an appeal, then, in that case, the plaintiff shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

Tenn. Code Ann. § 29-18-130 (2012).

In cases where a litigant does not have the financial resources to post bond in the amount of double the value of one year's rent, if the party "'is willing to surrender possession pending the litigation in the higher courts, there is a remedy by appeal which may be obtained on the pauper oath.'" *Newport Housing Auth. v. Ballard*, 839 S.W.2d 86, 90 (Tenn. 1992) (quoting *Ammons v. Coker*, 124 Tenn. 676, 681, 139 S.W. 732, 733 (1911)). In the present case, regardless of which statute governed Mr. Morris's appeal, it is undisputed that Mr. Morris failed to file a surety bond in any amount or a pauper's oath on appeal from general sessions court to circuit court.

The bond requirements necessary to perfect an appeal from general sessions court are mandatory and jurisdictional. *Carter v. Batts*, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011). The circuit court does not acquire subject matter jurisdiction unless the requirement is met. *Id.* "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter [ (Title 27 Chapter 5) ]." Tenn. Code Ann. § 27–5–108(a)(1) (Supp. 2012). If an appeal is not perfected within ten days, then execution on the general sessions court judgment

may issue. Tenn. Code Ann. § 27–5–108(d)(2000 & Supp. 2012). Accordingly, in this case, the judgment of the general sessions court became final ten days after May 23, 2011, where Mr. Morris failed to perfect a timely appeal to the circuit court, and we are without jurisdiction to adjudicate the issues raised on appeal.

## Holding

In light of the foregoing, we affirm dismissal of this action for lack of subject matter jurisdiction. Costs on appeal are taxed to the Appellant, Maurice Morris. The matter is remanded for other proceedings as may be necessary and consistent with this Opinion.

 

_____
DAVID R. FARMER, JUDGE